UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA E.K. JANCZUK,

                                   Plaintiff,

                    -against-

UNITED STATES OF AMERICA; STATES,
UNITED STATES OF AMERICA – ALL;
HARVARD UNIVERSITY,

                                   Defendants.

24-CV-3343 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question

jurisdiction. By order dated May 20, 2024, the Court granted Plaintiff's request to proceed *in

forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for

the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v.

Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v.

Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the

level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is

based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

## BACKGROUND

Plaintiff invokes the court's federal question jurisdiction and names as Defendants the

United States of America, "States, the United States of America – All"; and Harvard University.

The following facts are drawn from the complaint.[1]

> [A:0001] The USA incorporates biological, medical, and psychiatric language to
> statute that the corpus-human exists, the person-human exists, the corpus-human
> can be and is sometimes injured or ill, that responses to that development exist,
> and otherwise.

> [A:0002] The USA and its disciplinary programs of the kind traditional do not
> necessarily incorporate immense breadths of popular psychology, nor do they
> incorporate them seriously or complexly, including complexly-, qualitatively-,
> and quantitatively-researched, including notions of empathy, energy movements
> and burdens, sensitivies to sense experiences including those experiences
> generated by other corpuses, and more.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless noted otherwise.

(ECF 1 at 4.)

The complaint contains additional allegations, which include, but are not limited to:

[A11:0001] No national mandate for intellectual quotient examination exists.

[A11:0002] No national mandate for emotional quotient examination exists.

[A11:0003] No national mandate for energy quotient examination exists.

[A11:0004] No national mandate for examination prior to marital or domestic partnership exists.

[A11:0005] No national mandate for examination prior to sexual intercourse, pregnancy, childbearing, childbirth giving, childrearing, or otherwise exists.

[A11:0006] No national mandate for continued education, including from a biological or environmental or similar perspective, especially, exists. Research suggests that persons can persist over the course of their lifetime with no more than one-percent (01.00%) of their brain activated. Some persons, thus, pursue studies, read daily (including, for example, the newspaper, and then even some perhaps-more-niche communities do daily crossword puzzles, etc.), and more, while others do not.

[A11:0007] No national precedent for typing persons based on these quotients or similar exists, including typing into educations, sports, positions, or more, for a guaranteed health from the perspective of co-participatory persons co-operative in a binding context. JANCZUK notes that, to the extent visible and known, reality binds all those who come into it, or seems to, in some ways, once persons enter a space co-operative--and perhaps that co-operation's burden is a consequence to skykiographic deficit and a symptom of what some call co-dependency emotionally or similar or otherwise.

(*Id.*)

Plaintiff alleges that following injuries:

In 2022, during the federal legal proceedings "USA v. WERONIKA JANCZUK" (originated: 2022-01-11), Judge Barbara Moses denied JANCZUK her legal right to proceed forth in those proceedings in accord with her own counsel (to proceed //pro se//). The decision was made after Moses,[2] in her capacity as agent-legal-judicial, asked for an analysis-psychiatric from an agent medical-psychiatric, Cheryl Paradis, PhD. JANCZUK, in reading the report after both its submission as well as the decision founded upon it, found the report entirely

---

[2] *See United States v. Janczuk*, ECF 1:24-CR-00010-1 (LGS) (BCM) (S.D.N.Y. Jan. 29, 2024) (entering judgment of conviction), *appeal pending*, No. 24-351 (2d Cir.)

"skykiographically-deficient." JANCZUK's exit from federal detention persisted for an undue quantity of months post-decision mentioned herein.

(*Id.* at 5.)

Plaintiff seeks multiple forms of relief, including the following:

[0001] JANCZUK sues for permission in the US to develop a system for the measurement of human and other, as necessary and possible, skykiographic authority; to instill a nationally-mandated system for entirely free, healthy, even democratically-led-but-ideally-healthily-matrixed-with-decision-making-authority-imbued-systematization that will allow persons with psychiatric needs outside of communities dehydrated and anorexic for different reasons, including others' and/or systems' psychiatric defuncts and more, to find ways to have their own needs met in accord with freedom and normative encouragement; to allow environments to concentrate the right kind of intelligence and intelligentsia, for health and freedom and life to be activated in accord with its potential; and more.

[0002] JANCZUK sues to ask the US, post-examination-development and implementation for skykiographic authorities, to recommend a legal mandate for persons to work with teams that include persons serving them in the following capacities:

[a] cognitive development, formation, scaffolding, and more;

[b] affective development, formation, scaffolding, and more, the two herein above a form of legally-mandated formation in psychology, in accord with a skykiographically-active programming toolkit, personalized, checking at all steps for persons' cognition or lack thereof;

[c] the development, formation, scaffolding, and more of energy within, including spiritual, reality-based, sexual, or otherwise, pending disciplinary awareness and contribution;

[d] integrated physical development, formation, scaffolding, and more, perhaps setting sights for all persons to participate in sports teams, to compete with the nation-state at the Olympic level, and more, meeting bio-corporeal needs in response to biological, biological-medical, environmental, and other needs and problems; and

[e] more.

(*Id.* at 6.)

**DISCUSSION**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 475, Plaintiff's allegations rise to the level of the irrational. Moreover, with respect to the relief she seeks – including "permission in the US to develop a system for the measurement of human and other, as necessary and possible, skykiographic authority," and "the development, formation, scaffolding, and more of energy within, including spiritual, reality-based, sexual, or otherwise, pending disciplinary awareness and contribution' – there is no apparent legal theory on which she can rely to state a claim in connection with her requests for such relief against the named Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. Accordingly, a finding of frivolousness is warranted, and the Court dismisses this action as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**LITIGATION HISTORY AND WARNING**

Court records show that in the past two months, Plaintiff has filed 20 other cases in this court, many of which also name the United States as a defendant. *See Janczuk v. Fed. Trade Comm'n*, ECF 1:24-CV-3703, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (dismissing complaint as frivolous, and listing other cases filed); *Janczuk v. United States*, ECF1:24-CV-3719, 6 (LTS) (S.D.N.Y. Aug. 6, 2024) (same). In both of those orders, the Court warned Plaintiff that continued submission of actions determined to be frivolous or without merit may result in an

order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651. That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is warned that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred from filing new civil actions IFP in this court without prior permission to file from the court. *See* 28 U.S.C. § 1651.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:    September 3, 2024
          New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge